Eastern District of Kentucky
**FILED**

MAR 02 2021

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:20-CR-4-REW-HAI

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

AMOS SPARKMAN     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment. The Indictment charges a violation of 18 U.S.C. § 2251(a), Production of Child Pornography. Restitution to the victim of the Defendant's relevant conduct is mandatory pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A, and the amount will be determined by the Court.

2. The essential elements of the Indictment are:

    (a) The Defendant knowingly employed and used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    (b) The visual depiction was transmitted using any means and facility of interstate and foreign commerce or in or affecting interstate and foreign commerce.

3. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In October of 2019, in Whitley County, in the Eastern District of Kentucky, the Defendant engaged in an online conversation with the Victim via Snapchat. Snapchat is an internet based social media platform that allows users to publically or privately communicate via the internet. The Defendant's Snapchat ID was "sparkdeeeznuts1." The Defendant convinced the Victim to meet the Defendant in-person in Whitley County via Snapchat.

(b) In October of 2019, the Defendant engaged in sexual acts, including vaginal intercourse with the Victim, including on the same day the Defendant first made electronic contact with the Victim via Snapchat. At the time of the sexual acts the Victim was a minor, who had not obtained the age of 18 years and the Defendant knew the Victim to be a minor. ~~The Defendant video recorded the Victim performing oral sex on the Defendant.~~ A video recording of the Victim performing oral sex on the Defendant was created with the Defendant's knowledge. The Defendant maintained this video on his cellular phone. This video was ~~also~~ sent to the ~~Victim's~~ Defendant's cellular phone using a telecommunication network. The Defendant and Victim previously discussed making such a video.

JER 3/2/21
SBC 3/2/21
AS 3/2/21

4. The United States will argue that the statutory punishment for Count One is imprisonment for not less than 25 years and not more than 50 years. The United States believes the Defendant has a prior qualifying sex offense conviction, specifically KRS 510.120, Sexual Abuse 2nd Degree of a Minor, and therefore the Defendant is subject to the above enhanced statutory punishment. The Defendant reserves the right to argue that his prior conviction for KRS 510.120, Sexual Abuse 2nd Degree of a Minor, is not a prior qualifying sex offense conviction and therefore the statutory punishment for Count One is imprisonment for not less than 15 years and not more than 30 years. Both parties agree that the statutory punishment for Count One is a fine of not more than $250,000 and a term of supervised release of not less than 5 years and not more than Life. A mandatory special assessment of $100 applies and an additional special assessment of $5,000 applies pursuant to 18 U.S.C. § 2259A(a). The Defendant will pay these assessments to the U.S. District Court Clerk as directed by the Court.

2

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The latest version of the United States Sentencing Guidelines (U.S.S.G.) Manual that is in effect at the time of sentencing shall be used to determine the Defendant's guideline range.

    (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and

that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 2/26/21    By: _____
Jenna E. Reed
Assistant United States Attorney

Date: 01-08-21    _____
Amos Sparkman
Defendant

Date: 2-23-21    _____
Samuel Castle
Attorney for Defendant

5