UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON
CRIMINAL ACTION NO. 6:20-CR-004-01

UNITED STATES OF AMERICA,                               PLAINTIFF

VS.

AMOS SPARKMAN,                                          DEFENDANT

## SENTENCING MEMORANDUM

Comes now the defendant, Amos Sparkman, by and through counsel and hereby submits to the court the following Sentencing Memorandum:

The presentence report explains the nature and circumstances of the offense, sets forth the kinds of sentences available, etc.… This memorandum will focus primarily on the history and characteristics of the defendant, pursuant to 18 U.S.C. 3553(1).

On March 2, 2021, the defendant, Amos Sparkman, entered a plea of guilty to one count of Production of Child Pornography. As mentioned, the kinds of sentences available are detailed in the PSR, but in sum, based on Mr. Sparkman's criminal history (category V) and a total

offense level of 37, Mr. Sparkman's guideline imprisonment range is 324-405 months. Furthermore, he has statutorily required minimum sentence of 300 months (25 years).

## 18 U.S.C. 3553(a)(1)

18 U.S.C. 3553(a) (1) directs the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

The **nature and circumstances of the offense** is that this is a serious offense that the defendant has openly acknowledged by entry of his guilty plea.

As to the **history and characteristics of the defendant, Amos Sparkman** was born on July 12, 1995 and is currently twenty-six (26) years old. He experienced a difficult childhood. In early childhood (until approximately age 12) he was raised predominately by his mother. It is reported that Sparkman's mother a troubled individual with drug dependency issues would often let her boyfriend(s) emotionally and physically abuse Amos. In addition, Amos was forced to watch as his mother and siblings underwent emotional, physical and/or sexual abuse. His father obtained custody when Amos was around 12 years old and maintains a close relationship with Amos. Ronald Sparkman, father of Amos Sparkman, has indicated that Amos is welcome to reside with him after Amos is released from incarceration, whenever that may be.

While deemed competent to proceed with these legal proceedings, it is worth noting that Amos has been diagnosed with borderline intellectual function. His father opines that Amos still thinks of himself as a teenager as he has exhibited poor decision making and money management skills. In addition, Amos has a history of mental health treatment.

### 18 U.S.C. 3553(a)(2)(A)

18 U.S.C. 3553(a)(2)(A) directs the court to consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; and to provide just punishment for the offense.

The defendant feels that a sentence to the mandatory minimum of three hundred months (300) with the opportunity to participate in educational and vocational training programs as well as sex offender treatment program would be just punishment and adequately reflect the seriousness of the offense.

### 18 U.S.C. 3553(a)(2)(B)

18 U.S.C. 3553(a)(2)(B) directs the court to consider the need for the sentence imposed to afford adequate deterrence to criminal conduct.

The defendant feels that a sentence that allows the defendant to complete sex offender treatment, substance abuse treatment and mental health treatment is an adequate deterrent to any future criminal conduct.

As to the public, a sentence to the mandatory minimum of three hundred (300) months is still a lot of time and a significant portion of one's life to be incarcerated and should serve as a deterrence for anyone considering a similar crime.

## 18 U.S.C. 3553(a)(2)(C)

18 U.S.C. 3553(a)(2)(C) directs the court to consider the need for the sentence imposed to protect the public from further crimes of the defendant.

As previously noted, the time spent incarcerated should be enough time for the defendant to undergo any necessary rehabilitation treatment and correctional programs that are deemed necessary.

## 18 U.S.C. 3553(a)(2)(D)

Finally, 18 U.S.C. 3553(a)(2)(D) directs the court to consider the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As to needed medical care, the Defendant stated that he willing to participate in and would likely benefit from mental health treatment.  He is currently prescribed Effexor for depression and has been receiving this medication while incarcerated at the Laurel County Detention Center. Furthermore, as stated in the PSR, Mr. Sparkman's competency evaluation cites a report with a diagnosis of moderate ADHD with

borderline intellectual functioning. (IQ was determined to be 75 by the BOP which is within the borderline range).

In addition, as to physical problems, Mr. Sparkman has suffered nerve damage to his right hand, as a result of a work-related injury, his father reports that Amos is unable to make a fist with that hand and Amos reports that he is currently prescribed medication for the condition.

## **OTHER ISSUES**

Pursuant to USSG 5G1.3(c), the sentence in this case should run concurrently to any anticipated sentence from state court in Whitley County Circuit Case Number 19-CR-368 referenced in the PSR. This case is the parallel state court case. The Whitley Circuit case remains pending.

Relatedly, Mr. Sparkman should receive credit for time served from October 13, 2019, the date he was arrested on the state court charges. He remained in continuous custody for this arrest until he was taken into Federal custody by writ on February 18, 2020, as reflected in paragraph 5 of the PSR. He has not been convicted or sentenced in the Whitley Circuit 19-CR-368 matter and therefore he is entitled to credit for time served there against his Federal sentence. Mr. Sparkman requests that the judgment specially state that the sentence in this case

run concurrently with 19-CR-368 in Whitley Circuit Court and that he be given credit for time served since October 13, 2019.

## CONCLUSION

Therefore, the defendant respectfully submits this Sentencing Memorandum and requests the Court take these facts into consideration and that a sentence be imposed which is sufficient but not greater than necessary to comply with the directives as set forth in 18 U.S.C. 3553. and sentence the defendant to the mandatory minimum of three hundred (300) months.

Respectfully submitted,

/s/ Samuel B. Castle, Jr.
SAMUEL B. CASTLE, JR.
MILLWARD & CASTLE
P. O. Drawer 100
Barbourville, Kentucky 40906
(606) 546-5114

## CERTIFICATE

I hereby certify that the foregoing document has been electronically served this 9th day of July, 2021 with the clerk of the court using the CM/ECF system and electronically upon all parties of record.

/amh